UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CHERIE TRAHAN  
3447 Regency Parkway  
District, Heights, MD 20747  

Plaintiff  

v.  

ELAINE L CHAO  
Secretary of Labor  
US DEPARTMENT OF LABOR  
200 Constitution Avenue, N.W.  
Washington, D.C. 20210  
Defendant  

Civil No:

**JURY TRIAL REQUESTED**

## COMPLAINT

**NOW COMES** Plaintiff, Cherie Trahan, by and through undersigned counsel, for the purpose of filing this civil complaint.

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to the Rehabilitation Act, 29 U.S.C.A. §791 et seq.

2. This action properly lies in the United States District Court for the District of Columbia because Plaintiff''s claims arose in the District of Columbia and Defendant is a government employer who is subject to the jurisdiction of this Court.

1

## PARTIES

3. Plaintiff Cherie Trahan is a citizen of the United States of America and resides in the State of Maryland.

4. Defendant Elaine L. Chao, is the Secretary of Labor and designated representative of the Department of Labor.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff timely filed a formal charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about November 15, 2004. Plaintiff''s charge of discrimination alleged that she was discriminated against on the basis of her association with a person (minor child) who was perceived by the Department of Labor''s (DOL) Office of the Assistant Secretary for Administration and Management (OASAM) to have a disability for which reason OASAM rescinded a job offer of budget analyst that she had accepted.

6. On December 30, 2005, the Administrative Review Board of the DOL issued Plaintiff a "Final Agency Decision" letter concerning her November 15, 2004 charge of discrimination finding that the Department of Labor had discriminated against Plaintiff based on disability.

7. Plaintiff therefore invokes her right to sue in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

## STATEMENT OF FACTS

8. Plaintiff has been employed as a program analyst by the United States Department of Agriculture, GS-11 since July 2003.

9. Plaintiff applied for a budget analyst position at the DOL and had interviews with OASAM managers on May 24, 2004 and June 16, 2004.

10. While employed with the Department of Agriculture, plaintiff was authorized extended leave during 2004 to care for her three year old son who was hospitalized with encephalitis from April 29, 2004 through June 4, 2004.

11. Plaintiff had a negative leave balance following her lengthy care of her child during his illness through recovery.

12. Plaintiff avers that she is within the protected class since she was associated with someone who was perceived to have a chronic impairment that substantially limited major life activities and was perceived as being therefore similarly disabled.

13. Plaintiff avers that she is within the protected class because she was perceived as disabled by Defendant in that she was regarded as having a physical impairment that substantially limited major life activities, requiring the frequent use of medical leave.

14. Plaintiff was on the ““Certificate of Eligibles”” list for the position establishing that she was qualified for the position. She was at all times capable of performing the essential functions of the position she was offered by DOL.

15. On or about June 23, 2004 Valerie Sollers, then financial management specialist, OASAM, an individual with apparent authority to make such an offer, informed Plaintiff that she had been selected for the Analyst position.

16. Later on or about June 24, 2004 a Fleata Carr, human resources assistant for OASAM made an official job offer to Plaintiff. Plaintiff accepted the job offer at that time with no modification, reservation, or restrictions.

17. Upon information and belief, on or about June 22, 2004 a certificate selecting Plaintiff had been published by DOL employee with apparent authority to so act.

18. Agents or employees of DOL OASAM contacted Plaintiff''s supervisor at USDA, Diem-Linh Jones, informing her inter alia that Plaintiff had accepted a position with DOL OASAM and requesting that USDA set a release date for Plaintiff to DOL.

19. Plaintiff alleges that she had been experiencing adverse actions by her supervisor at USDA, Diem-Linh Jones, which she perceived to be discriminatory in nature during 2003.Plaintiff filed a charge of discrimination with the USDA (Civil Rights or internal EEO office) in response to the adverse actions of Ms. Jones as alleged therein.  This charge of discrimination was assigned case number: USDACR050134, which is hereby associated by reference.

20. Plaintiff was highly motivated to move to a position that was not under the direct supervision of Diem-Linh Jones, as a result of her good faith belief that she was being subjected to illegal, harassing, and disparate treatment in her interactions with Ms. Jones.

21. Upon information and belief, Diem-Linh Jones or others at USDA disclosed to Ms. Sollors or others at DOL, inter alia, Plaintiff''s leave status, which was directly related to the care of her son's illness.

22. DOL employees knew about Plaintiff''s son's illness as Plaintiff informed Sollers and others at DOL of her son's illness during her interview process.

23. Plaintiff''s son was substantially impaired in major life activities during his illness as he was unable to walk, eat or speak from the end of April through his recovery.

24. OASAM managers, after Plaintiff's interview and upon learning of Plaintiff's son's illness, regarded Plaintiff''s son as having a long-lasting impairment and thus a disability, which was likely to affect Plaintiff's employment with their agency.

25. DOL rescinded Plaintiff''s job offer with DOL in early July 2004 after discussions with USDA employees concerning Plaintiff's son's illness and Plaintiff's leave usage.

26. Plaintiff avers that her discharge occurred under circumstances that raise an inference of unlawful discrimination based on her disability and/or perceived disability.

27. As a direct result of the above-stated actions, Plaintiff has suffered economic and non-economic injuries.

## COUNT I

## DISPARATE TREATMENT IN VIOLATION OF THE REHABILITATION ACT

28. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 27, and incorporate them by reference herein.

29. Plaintiff was qualified for the position at DOL for which she was interviewed and offered.

30. Plaintiff would have obtained a step increase as compared to her position at USDA had she been placed with DOL in the position for which she applied.

31. Plaintiff was perceived as disabled or associated with an individual who was disabled by DOL based upon information they obtained following defendant's offer of employment to Plaintiff.

32. Plaintiff''s offer of employment with DOL OASAM was rescinded as a result of defendant's perception of Plaintiff as disabled or associated with having a minor child subject to reoccurring disabilities which may result in her use of leave.

33. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's rescinding of their offer of employment to her including but not limited to her requiring medical care as a result of stress associated with these events.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court grant her the following relief, namely:

(i) That this Court determine that the employment practices complained of in this Complaint are unlawful in that they violate the Rehabilitation Act, 29 U.S.C. 794 et seq.

(ii) That Defendant pays Plaintiff a sum in excess of $50,000 for compensatory damages.

(iii) That Defendant pays Plaintiff''s costs and expenses and reasonable attorney''s fees as provided under the Act in connection with this action.

(iv) That this Court grants other and such further relief to the Plaintiff as it deems just and proper.

Respectfully submitted on behalf of Plaintiff;

_____/s/_____
Nathaniel D. Johnson, Esq. MD #14729

Richard Lloyd Thompson, II, Esq.
Of Counsel
DC Bar No.:448816
Law Firm of Nathaniel D. Johnson L.L.C.
3195 Old Washington, Suite 105
Waldorf, MD 20602
301-645 - 9103
301-893-6890 (fax)
March 31, 2006