UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
CHERIE TRAHAN                    )
                                 )
              Plaintiff,         )
       v.                        )        Civil Action No. 06cv605 (RWR)
                                 )
ELAINE L. CHAO,                  )
       Secretary of Labor,       )
                                 )
              Defendant.         )
                                 )
```

## STIPULATION OF SETTLEMENT AND DISMISSAL

This Settlement Agreement ("Agreement") is hereby entered into by and between Plaintiff Cherie Trahan (hereinafter "Plaintiff") and Elaine L. Chao, Secretary of the Department of Labor (hereinafter "Defendant").

WHEREAS, Plaintiff has filed the above-captioned civil action alleging that Defendant discriminated against her in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act" or "the Act"), 29 U.S.C. §§ 791, et seq., and

WHEREAS, Defendant has denied the allegations made by Plaintiff in the above-captioned civil action; and

WHEREAS, Plaintiff and Defendant have agreed to resolve the issues raised in the above-referenced civil action amicably and without need of further litigation;

NOW THEREFORE, in consideration of mutual promises and undertakings hereinafter contained, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. <u>Plaintiff's Undertakings:</u> – Plaintiff hereby agrees to take the following actions:

   a. <u>Dismissal of Civil Action and Administrative Proceedings</u> – The parties agree that this is a global settlement. Upon the execution of this Agreement, Plaintiff agrees to the dismissal of the above-captioned action with prejudice. Plaintiff further agrees that this Agreement automatically operates as the withdrawal, with prejudice, and release of any and all other pending EEO formal and informal complaints, grievances, requests for investigation, Congressional inquiries, claims under other administrative procedures, appeals or lawsuits against the Department, and/or against any of the Department's current or former employees, as such are or may be based upon the facts of her application for employment with the Department.

   b. <u>Release of Claims</u> – Plaintiff, on her own behalf and on behalf of her heirs, executors, administrators, successors and assigns, hereby irrevocably and unconditionally releases waives and forever discharges the Defendant, the Department of Labor, the United States government, other Federal agencies and their respective employees and agents, from any and all claims regarding the allegations that form the basis of the above-captioned civil action as well as from any and all claims regarding the treatment she alleges that she received (both acts and omissions) during her application for employment with the Department of Labor through the effective date of this Agreement. This waiver and release includes without limitation any rights the plaintiff may have had under the Rehabilitation Act, 29 U.S.C. §§ 791, <u>et seq.</u>; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, <u>et seq.</u>; and any other state or federal law, rule or regulation, with respect to any act or omission associated with her application for employment with the Defendant arising prior to the date of the execution of this Agreement.

2.  **Defendant's Undertakings** – Defendant hereby agrees to take the following action:

   a.  **Lump Sum Payment to Plaintiff** – Defendant shall pay a total sum of twenty-five thousand dollars ($25,000.00), which is understood and agreed to represent full payment in full satisfaction of all of Plaintiff's claims, including any back pay, front pay, attorney's fees and costs, and any other damages available to Plaintiff under her civil action or administrative claims. It is further understood and agreed that liability for taxes on this amount, if any, shall be the sole responsibility of Plaintiff. Payment shall be made from the U.S. Treasury to Plaintiff's attorney.

3.  **No Admission of Wrongdoing** – Nothing in this agreement shall be construed as an admission of any violation of law, rule or regulation, or of any wrongdoing whatsoever by Plaintiff, Defendant or any employee of Defendant.

4.  **Agreement Constitutes Full Understanding** – The Parties hereto acknowledge that this Agreement sets forth their full and complete understanding with regard to the resolution of the above-captioned civil action and the claims raised therein. By executing this Agreement, the Parties further acknowledge that they each understand its terms; that such terms are acceptable to each; that there are no additional obligations, either written or oral, to be performed by any Party beyond those set forth herein; that such terms are final and binding as to all claims that have been brought or could have been advanced on behalf of Plaintiff against the Defendant; and that the terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any other case. The terms of this Agreement may not be altered, amended, changed, supplemented or modified in any manner or degree except by a

written instrument signed by each of the parties hereto.

5. <u>Good Faith Attempt to Resolve Breach</u> – Each party agrees to make a good faith attempt to resolve any dispute arising from or regarding this settlement agreement prior to bringing it to the Court's attention. Should either party at any time believe that the other party is in breach of this settlement agreement, prior to bringing the matter to the Court's attention, that party shall notify the other party in writing of the particular section of this settlement agreement that has allegedly been breached and the action(s) that constitute the breach. The other party shall then have thirty (30) days to respond to such claims prior to the injured party's bringing the alleged breach to the attention of the Court. This Agreement may be used as evidence only in a later proceeding in which either party alleges a breach of the Agreement.

6. <u>Signing Authority</u> – Plaintiff understands that by executing this Agreement, she is relinquishing any rights or claims which arose under the Rehabilitation Act (alleging discrimination) prior to the effective date of this waiver. Plaintiff does not waive rights or claims which may arise after this waiver is executed; she understands and agrees that she is waiving these rights and claims only in exchange for consideration in addition to anything of value to which she is already entitled; and she agrees that she has consulted with an attorney prior to executing this Agreement. Plaintiff represents that she has read this Agreement and that she enters into this Agreement knowingly and voluntarily, with full understanding of its terms and conditions.

conditions.

WHEREFORE, the parties hereto, intending to be legally bound, through their respective attorneys of record, have stipulated and agreed to the foregoing.

Respectfully submitted,

_____
CHERIE TRAHAN
Plaintiff

_____
NATHANIEL JOHNSON, MD Bar #14729
RICHARD L. THOMPSON, DC Bar #448816
Nathaniel D. Johnson, L.L.C.
3195 Old Washington, Suite 105
Waldorf, MD 20602

(301)6459103           #420232

Attorneys for Plaintiff

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
DARRELL C. VALDEZ, DC Bar
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202)307-2843

Attorneys for Defendant

5

WHEREFORE, the parties hereto, intending to be legally bound, through their respective attorneys of record, have stipulated and agreed to the foregoing.

Respectfully submitted,

_____
CHERIE TRAHAN
Plaintiff

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
NATHANIEL JOHNSON, MD Bar #14729
RICHARD L. THOMPSON, DC Bar #448816
Nathaniel D. Johnson, L.L.C.
3195 Old Washington, Suite 105
Waldorf, MD 20602
(301)645-9103

Attorneys for Plaintiff

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
DARRELL C. VALDEZ, DC Bar #420232
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202)307-2843

Attorneys for Defendant

_____
ROLANDO N. VALDEZ
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, NW Room N-2428
Washington, D.C. 20210
(202) 693-5311
Representative for Defendant